IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELISA S. GALLO, M.D.,

                      Plaintiff,

    v.

DAWN HARRIS,

                      Defendant.

OPINION and ORDER

19-cv-591-jdp

---

This is a legal malpractice case. Plaintiff Elisa S. Gallo alleges that her former attorney, defendant Dawn Harris, negligently drafted a separation agreement with Gallo's former employer and that Harris failed to ensure compliance with the agreement. Gallo's dispute with her former employer, Mayo Clinic, was the subject of a previous lawsuit in this court, which was decided against Gallo on summary judgment and affirmed on appeal.

Harris moves to dismiss this suit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 13. Gallo is bound by the results of her previous case, which determined that Mayo Clinic's actions did not cause her harm. So Gallo cannot show that she was harmed by any negligence in drafting the separation agreement, which is a necessary element of Gallo's malpractice claim against Harris.[1]

---

[1] In addition to her response brief, Gallo asks to file a sur-reply brief, Dkt. 24, and to add additional authority, Dkt. 25. The court will grant these motions and it has considered these submissions.

BACKGROUND

The facts from Gallo's amended complaint, Dkt. 6, are accepted as true for the purpose of deciding Harris's motion to dismiss. The court also takes judicial notice of the established facts of Gallo's previous case, *Gallo v. Mayo Clinic Health Sys.-Franciscan Med. Ctr., Inc.*, No. 15-cv-304, 2017 WL 354291 (W.D. Wis. Jan. 24, 2017), *aff'd*, 907 F.3d 961 (7th Cir. 2018).

Gallo is a dermatologist who worked briefly at a Mayo Clinic facility in La Crosse, Wisconsin. Gallo hired Harris to represent her as she left that employment. Gallo and Mayo Clinic entered into a separation agreement drafted by Harris that (1) required Mayo Clinic to destroy certain personnel documents regarding Gallo, and (2) restricted what Mayo Clinic could say in response to inquiries from prospective employers.

Gallo was offered a position by Refuah Health Center, Inc., but the offer was contingent upon Gallo's being credentialed by Mount Sinai Hospital. As part of its credentialing process, Mount Sinai asked Gallo's former supervisor to complete a form regarding her employment at Mayo Clinic. Gallo's supervising physician completed the form for Mount Sinai. Refuah ultimately declined to hire Gallo.

Gallo sued Mayo Clinic in this court, contending that Mayo Clinic had breached the separation agreement by failing to destroy Gallo's personnel records and by completing and returning the credentialing form with "fair" ratings in two categories. *See Gallo,* 2017 WL 354291.

This court granted summary judgment to Mayo Clinic. The court concluded that Mayo Clinic did not breach the separation agreement by completing the credentialing form. And the court specifically concluded that Gallo had failed to adduce evidence that her former supervisor's response on the credentialing form caused Refuah to decide against hiring her or

2

that Mayo Clinic's failure to destroy personnel documents had harmed her. *Id.* at *7–8. The decision was affirmed on appeal, with the court of appeals concluding that Gallo had "failed to show that the credentialing form—even if prohibited by the separation agreement—caused her any harm." *Gallo*, 907 F.3d at 967–68.

## ANALYSIS

To prevail on her malpractice claim under Wisconsin law, Gallo would have to show that Harris's negligence was the cause of her injury. *Kraft v. Steinhafel*, 2015 WI App 62, ¶ 11, 364 Wis. 2d 672, 869 N.W.2d 506. To do so, she must show that she would have prevailed on the merits of her breach-of-contract lawsuit against Mayo Clinic but for Harris's alleged malpractice. *In re Office of Lawyer Regulation v. Boyle*, 2015 WI 110, ¶ 43, 365 Wis. 2d 649, 872 N.W.2d 637. Gallo contends that Harris's negligence caused her injury in two ways: (1) Harris failed to ensure that personnel documents were actually destroyed as required by the separation agreement; and (2) Harris failed to draft the separation agreement broadly enough to cover credentialing forms, such as the one sent to Mayo Clinic.

In determining whether Gallo has stated a malpractice claim against Harris, the court must accept the factual allegations in Gallo's amended complaint as true and draw all permissible inferences in Gallo's favor. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). But the court may also take judicial notice of factual findings from prior lawsuits that are "not subject to reasonable dispute." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)). In her previous case, both this court and the court of appeals concluded that Gallo had not adduced evidence to show that she was harmed by the credentialing form. *Gallo*, 2017 WL 354291, at *7. And, if

Gallo is stuck with that result, Gallo cannot prove that she was harmed by Harris's performance in drafting or enforcing the separation agreement.

Gallo would now like to relitigate that issue, hoping to show this time that the credentialing form really did cause her to lose the Refuah job. Harris contends that Gallo had a full and fair opportunity to make that showing in the last case and that she is precluded from relitigating the issue here. This court's jurisdiction of this case is based on diversity of citizenship between Gallo and Harris. So, in a dispute arising under Wisconsin law, the court applies Wisconsin law to determine whether issue preclusion applies. *Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 136 F.3d 1134, 1137 (7th Cir. 1998).

Issue preclusion requires a two-step analysis under Wisconsin law. *Estate of Rille v. Physicians Ins. Co.,* 2007 WI 36, ¶ 36, 300 Wis. 2d 1, 728 N.W.2d 693. The first step asks whether issue preclusion may apply as a matter of law, and the second step asks whether it would be "fundamentally fair" to apply issue preclusion. *Id.*

For the first step, the court "must determine whether the issue or fact was actually litigated and determined in the prior proceeding by a valid judgment in a previous action and whether the determination was essential to the judgment." *Id.*, ¶ 37. In Gallo's previous lawsuit the central issues were whether Mayo Clinic had breached the separation agreement and whether the credentialing form caused Gallo to lose the Refuah job. This court concluded both that filling out the credentialing form did not breach the separation agreement, and that Gallo had failed to adduce evidence to show that she had been harmed by anything Mayo Clinic did. The undisputed evidence showed that Refuah had other reasons to decline to hire Gallo that had nothing to do with the credentialing form. This court's decision was affirmed by the court of appeals, which likewise concluded that Gallo had failed to adduce evidence that the

credentialing form harmed her. This court also concluded that Gallo had shown that Mayo Clinic had breached the separation agreement by failing to destroy Gallo's personnel documents, but that breach was harmless. So the court's conclusion that Gallo could not show any harm from the credentialing form was essential to the judgment. This satisfies the requirements of the first step.

The second step provides a safety valve, to prevent the application of issue preclusion in circumstances where it would be unfair to do so. Wisconsin courts generally consider five factors to determine whether it would be fundamentally fair to apply issue preclusion:

> (1) Was appellate review of the prior judgment available?
>
> (2) Is the question a legal question involving a distinct claim from the prior proceeding, or has the law shifted since the prior proceeding?
>
> (3) Are there significant differences between the quality or extensiveness of the proceedings in the two courts?
>
> (4) Did the party seeking preclusion have a lower burden of persuasion in the first action than in the second?
>
> (5) Would public policy or the individual circumstances make it fundamentally unfair to apply issue preclusion?

*Id.*, ¶ 60. The fairness evaluation is discretionary, and the factors are neither exhaustive nor dispositive. *Id.*, ¶¶ 62–63.

Gallo identifies nothing in the first four factors that supports her position. The causative role of the credentialing form was a central issue in the previous case. Gallo had every incentive and every opportunity to litigate the matter in this court, carrying the same burden of proof as she does here. Gallo could and did appeal, which gave her the opportunity to expose any errors in this court's judgment. The law has not changed. The bottom line is that she had a full opportunity to show that the credentialing form or the undestroyed documents harmed her, and she failed to do so.

Gallo makes her main argument on the fifth factor, whether public policy or individual circumstances weigh against applying issue preclusion. Gallo contends that it would be unfair to apply issue preclusion in a legal malpractice case where the plaintiff alleges that the performance of trial counsel led to her defeat. This is a fair point, but it applies to her trial attorneys, not to Harris. Gallo has a separate legal malpractice suit pending against her trial attorneys in Illinois state court. The conclusions about the separation agreement and the credentialing form reached in Gallo's prior case would have no preclusive effect in her case against her trial attorneys. The questions in the Illinois case will be whether the performance of her trial attorneys was substandard and whether any deficiencies harmed Gallo. If Gallo shows in the Illinois case that she would have won her case against Mayo Clinic but for the malpractice of her trial attorneys, then she will have a full remedy against those attorneys. There would be no need to pursue Harris once her trial attorneys are compelled to make her whole.

Of course the idea that Gallo lost her case against Mayo Clinic because of the malpractice of her trial counsel is yet a mere allegation. At this point, it is an established fact that:

> Gallo was passed up by Refuah because of her over-demanding negotiations and the availability of another individual to take the position. Drawing all factual inferences in Gallo's favor, she has failed to show that the credentialing form—even if prohibited by the separation agreement—caused her any harm.

*Gallo*, 907 F.3d at 967–68. Gallo has pointed to no admissible evidence that could undermine this fact. There is nothing fundamentally unfair about applying issue preclusion against Gallo in her claim against Harris.

ORDER

IT IS ORDERED that:

1.  Plaintiff Elisa S. Gallo's motions for leave to file a sur-reply brief, Dkt. 24, and to add additional authority, Dkt. 25, are GRANTED.

2.  Defendant Dawn Harris's motion to dismiss, Dkt. 13, is GRANTED. The clerk of court is directed to enter judgment for Harris and close the case.

Entered May 13, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge